per curiam:
El 7 de octubre de 2008, la Oficina de Inspección de Notarías presentó su Informe indicando el resultado de su investigación de una queja presentada por el Sr. Ismael Vélez Motta contra el Ledo. Jack Odell Peck. Señala la Oficina de Inspección de Notarías que el notario querellado autorizó un testimonio a una persona que se hizo pasar por el señor Vélez Motta sin requerirle los documentos de identificación. En consecuencia, el individuo obtuvo una licencia de conducir del Departamento de Transportación y Obras Públicas a nombre del quejoso.
En su queja, el señor Vélez Motta informa que esa persona realizó diversas transacciones y préstamos en instituciones financieras del país utilizando su nombre. Indica también que tuvo que hacer una declaración jurada para solicitar un duplicado de su licencia de conducir extraviada y que durante el trámite surgieron varias multas administrativas a su nombre que en realidad fueron expedidas al individuo que robó su identidad. Además, señala que el querellado nunca notificó el testimonio en su índice notarial y que el número correspondiente a su testimonio correspondía a otra persona y a otro asunto. El señor Vélez Motta tuvo conocimiento de esta información por la investigación que realizó el CIC, que culminó con el arresto y encarcelamiento del individuo que robó su identidad.
Por su parte, el licenciado Odell Peck alegó que el Sr. Carlos Santos, oficial de la Gestoría del Carmen (para la *239 cual firmaba testimonios), acudió a su oficina acompañando a una persona que se identificó con el nombre de Ismael Vélez Motta, con el propósito de suscribir una declaración jurada sobre una licencia de conducir extraviada en el formulario que para tales fines había preparado la gestoría. Explicó que en ese momento el individuo no contaba con una identificación permitida por la Ley Notarial de Puerto Rico, por lo cual utilizó al Sr. Carlos Santos como testigo de conocimiento y éste le acreditó la identidad del individuo. El señor Santos, a quien conocía desde hacía varios años, le aseguró que conocía personalmente al señor Vélez Motta porque había realizado gestiones previas con la Gestoría del Carmen. El licenciado Odell Peck reconoció que no registró en ese momento el testimonio autorizado en su Registro de Testimonios ni lo informó en su índice Notarial correspondiente a dicho mes, lo que ocasionó que autorizara otro testimonio con el mismo número. Sin embargo, subsanó dichas omisiones mediante enmienda al índice Notarial y anotación en su Registro de Testimonios.
De las alegaciones y los documentos que forman parte del expediente se deduce que el querellado autorizó un testimonio de reconocimiento de firma en el cual no dio fe del conocimiento del declarante y no incluyó dicho testimonio en su Registro de Testimonios ni en el índice Notarial correspondiente, en violación a la Ley Notarial de Puerto Rico. No es hasta la presentación de esta queja que el notario Odell Peck se percata de estas omisiones y trata de subsanarlas. En efecto, la omisión en el Registro de Testimonios fue subsanada por el querellado al incorporar el testimonio como el asiento 59,610 A, dejar constancia de la fecha de la subsanación y salvarla con su firma y sello. Además, incluyó una nota en la cual advirtió que el asiento no guarda secuencia numérica con ese folio. En su comunicación de 31 de agosto de 2007, explicó que hizo una nota al margen del lugar que hubiese correspondido al asiento omitido. El índice Notarial enmendado correspondiente a *240 enero de 2005 fue sometido el 7 de septiembre de 2007 y corresponde a agosto de 2007.
De los documentos que obran en el expediente no surge evidencia que confirme la alegación del notario respecto a la función del Sr. Carlos Santos como testigo de conocimiento. Por el contrario, la copia de la declaración jurada provista por el quejoso y la copia certificada del asiento 59,610 A del Registro de Testimonios del notario querellado, no indican cuál fue el método de identificación que utilizó ni hacen referencia al Sr. Carlos Santos como testigo de conocimiento.
La Ley notarial de Puerto Rico impone al notario, en su gestión de autenticar firmas, dar fe del conocimiento personal de los firmantes o del testigo de conocimiento, o de haber identificado a los otorgantes mediante los medios que dispone la ley, tanto en el documento que autoriza como en su Registro de Testimonios. Artículo 57 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. see. 2092; Regla 67 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV. El ordenamiento jurídico considera como un asunto medular la comparecencia personal y el conocimiento de los firmantes, por lo que su inobservancia constituye una falta seria. In re Machargo Barreras, 161 D.P.R. 364, 370 (2004). La ley también impone al notario la obligación de rendir índices notariales mensualmente sobre su obra notarial. Art. 12 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. see. 2023; Regla 12 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV.
Examinados el Informe presentado por la Directora de la Oficina de Inspección de Notarías y el escrito que fijó la posición del querellante, concluimos que el licenciado Odell Peck incumplió estas obligaciones. Tomando en cuenta el historial profesional del abogado y que éste ha reconocido el error cometido, limitamos la sanción disciplinaria a la suspensión del ejercicio de la notaría por el término de tres meses.

*241
Además, se apercibe al Ledo. Jack Odell Peck que, cuando sea reinstalado a la notaría, deberá cumplir diligentemente con su obligación de autenticar firmas, dando fe del conocimiento personal de los firmantes o del testigo de conocimiento, o de haber identificado a los otorgantes mediante los medios que dispone la ley. Los incumplimientos futuros con este deber podrán dar lugar a sanciones disciplinarias más severas.

Se dictará sentencia de conformidad.

El Juez Presidente Señor Hernández Denton y la Juez Asociada Señora Rodríguez Rodríguez no intervienen.